UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARLON L. PENDLETON,

    Plaintiff,

    v.

HANNAH COHEN, et al.,

    Defendants.

CAUSE NO. 2:21-CV-222-PPS-JEM

OPINION AND ORDER

Marlon L Pendleton, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 against three defendants. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Pendleton alleges his federal and state constitutional rights were violated when Parole Agents Hannah Cohen and Robert Ruwersma, and Supervisor Kruper, at Parole District Office #6 in Gary, Indiana, took steps that led to his parole being revoked in July 2019. ECF 7 at 3-4. Specifically, he asserts Ruwersma and Kruper fabricated parole violation reports, and Ruwersma and Cohen refused to allow him to participate in his parole revocation hearing. *Id.* According to Pendleton,

the defendants' actions violated his Fourteenth Amendment rights as well as provisions of the Indiana Constitution and Indiana State Code. *Id*.

Pendleton's claims cannot proceed for several reasons. To the extent Pendleton is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Pendleton should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank habeas conviction form and an in forma pauperis form for his use, if he decides to file a habeas petition challenging his conviction.

Pendleton also seeks monetary damages as a result of these alleged wrongs. In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (observing that *Heck* applies to a civil rights suit premised on the "invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Pendleton does not allege, nor can it be plausibly inferred, that the sanction regarding his parole violation has been vacated

2

on appeal, set aside, or otherwise called into question. Unless and until that occurs, Pendleton cannot pursue a claim that would undermine the validity of his July 2019, parole revocation hearing.

As a final matter, to the extent Pendleton asserts the defendants violated his rights under the Indiana Constitution and Indiana State Code, he has not stated a federal claim. In the absence of a federal claim, this court relinquishes jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). The court will dismiss any state law claims contained in the amended complaint without prejudice should Pendleton wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quotation omitted). For the reasons previously explained, such is the case here.

ACCORDINGLY, the court:

3

(1) DISMISSES WITHOUT PREJUDICE any state law claims contained in the amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A;

(3) DIRECTS the clerk to send Marlon L. Pendleton a blank habeas corpus petition, AO-241 (Rev. 9/17) (Conviction, INND Rev. 2/20) and a blank Prisoner Motion to Proceed In Forma Pauperis, AO 240 (Rev. 7/10) (INND Rev. 8/16); and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

ENTERED: December 1, 2021.

                                              /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT